UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEJANDRO LUIS VEGA,

     Petitioner,

v.                          Case No.8:04-CV-2609-T-23TBM
                                  8:02-CR-129-23TBM

UNITED STATES OF AMERICA,

     Respondent.

_____/

### O R D E R

Before the Court is Petitioner's filing styled "Petition for Writ Under Title 28 U.S.C. § 2255 to Vacate and Set Aside the Judgment of Conviction, Points and Authorities" (D-1), Petitioner's Amended Petition (D-6), the Government's response in opposition thereto (D-9), and Petitioner's reply brief (D-12).

On August 18, 2003, Petitioner pled guilty to Count One of the Indictment which charged that Petitioner and others conspired to possess with the intent to distribute MDMA in violation of 21 U.S.C. § 846. On December 3, 2003, the Court sentenced Petitioner to a term of incarceration of 63 months to be followed by a three-year term of supervised release. Petitioner did not appeal his conviction or sentence.

On December 2, 2004, the Court received Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.   In his motion, Petitioner argued that his sentence was based on an incorrect computation of the number of MDMA pills seized.   Petitioner continued that the amount of drugs was neither proved to the jury beyond a reasonable doubt nor stipulated to by the Petitioner.   Petitioner also asserted that his counsel was ineffective in failing to file a motion or argue at sentencing that the firearm enhancement was not applicable.

In that initial section 2255 motion, Petitioner requested that his motion be held in abeyance until the Supreme Court issued its then-awaited decision in United States v. Booker, 125 S.Ct. 738 (2005).   He further sought an extension of time to obtain counsel and file an amended petition as he did not "have the proper documentation to support [his] allegations." (D-1, p.3)   The Court allowed Petitioner additional time to file an amended motion, but did not conclusively determine the timeliness of any amended claims.

Petitioner, through his newly retained counsel, filed his amended motion on March 3, 2005.   In that motion, Petitioner recognized that controlling law of the Eleventh Circuit holds

that neither <u>Booker</u> nor <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), applies retroactively to cases on collateral review. <u>Varela v. United States</u>, 400 F.3d 864, 867 (11th Cir. 2005), citing <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2526-27 (2004). As such, Petitioner has abandoned his claims related to the amount of drugs.

In his amended motion, Petitioner's sole challenge relates to the Court's decision to enhance Petitioner's sentence for possession of a firearm during the commission of a drug offense, which claim is premised on ineffective assistance of counsel. Specifically, Petitioner argues that his counsel at sentencing was ineffective in the following: (1) failing to object to the factual findings presented in the PSI concerning the gun allegations; (2) failing to bring out the use of lack of foreseeability and to support it factually; (3) improperly admitting knowledge on behalf of Petitioner with respect to constructive possession; (4) failing to require the Court to make a factual finding; (5) failing to object to unfounded factual statements by the Government concerning possession; and (6) failing to argue that a different standard applies when a weapon is in possession of a co-conspirator.

3

The Government responds that Petitioner's claims related to <u>Blakely</u> are barred.  As to the ineffective assistance of counsel claim, the Government argues that Petitioner expressly waived his right to appeal or collaterally attack his sentence when he entered into the plea agreement.  The Government continues that given Petitioner's waiver, the Court should not consider the ineffective assistance of counsel arguments raised by Petitioner.  Petitioner replies that he did not waive his right to assert ineffective assistance of counsel.

In order for the Court to enforce a sentence-appeal waiver, the waiver must have been knowing and voluntary. <u>United States v. Bushert</u>, 997 F.2d 1343, 1350 (11th Cir. 1993).  In order to be knowing and voluntary, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." 997 F.2d at 1351.

In this case, a review of the plea agreement shows that it included a provision relating to waiver of appeal or collateral attack.  (D-55, ¶B.5.)  Specifically, it provides

4

in pertinent part as follows:

> [T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth in the offense and pursuant to the sentencing guidelines and **expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground** except for an upward departure by the sentencing judge, a sentence above the statutory maximum, a sentence in violation of the law apart from the sentencing guidelines, or the applicability of the "safety valve" provisions of 18 U.S.C. § 3553(f) and USSG §5C1.2; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(<u>Id.</u>)(Emphasis added.)

Furthermore, the transcript of the guilty plea hearing demonstrates that the Court addressed the waiver provision. The Court questioned Defendant about the plea agreement and asked whether he was "familiar with the terms, conditions and provisions of it," to which Petitioner responded, "Yes, Your Honor." (D-88, p. 17, 1.4-10.) Petitioner stated that he agreed to the written plea agreement and that he had initialed each page of the agreement. (<u>Id.</u> at 1. 11-15.) The Court then stated, "There's also a provision in the plea agreement with regard to a waiver or giving up of your right to appeal the sentence imposed. You understand that you are doing that

except for certain specific grounds which are set forth in paragraph five of the plea agreement, Mr. Calles?"[1]   (Id. at p. 18.)   After the co-defendant responded in the affirmative, the Court then stated, "And, also paragraph five of the agreement which Mr. Vega has signed."   (Id. at p. 19.) Petitioner then agreed that his decision to plead guilty was his own independent decision made freely and voluntarily. (Id.)  As such, the record shows that Petitioner knowingly and voluntarily waived his right to appeal.   United States v. Cesal, 391 F.3d 1172 (11th Cir. 2004) (per curiam) (citing United States v.Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (holding that a sentence appeal waiver was valid because "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Furthermore, Petitioner has not shown that his claims fall within the exceptions to the express waiver provision. Specifically, the Court did not depart upward.   Rather, Petitioner received a sentence significantly lower than that

---

[1]   The Court simultaneously conducted guilty plea hearings with regard to Petitioner and his co-defendant, Ruben Calles.

which was originally calculated.  The original calculation was
an offense level of 33 and a criminal history of III, yielding
a  guideline  imprisonment  range  of  168-215  months.    At
sentencing,  Petitioner  received  a  downward  departure  for
substantial  assistance.    Furthermore,  the  Court  departed
downward with regard to Petitioner's criminal history, making
it  a  category  II.    As  a  result,  his  new  sentencing  range
became  63  to  78  months.    Ultimately,  Defendant  received  a
sentence  at  the  low  end  of  the  guidelines'  range,  that  is,  a
term  of  imprisonment  of  63  months.    That  sentence  does  not
exceed  the  statutory  maximum  nor  does  it  violate  the  law.
Finally, the Government did not appeal the sentence.

Given the foregoing, Petitioner was barred from appealing
his  sentence.    As  such,  Petitioner  cannot  show  prejudice  as  a
result  of  his  attorney's  failure  to  file  an  appeal.    Garcia v.
United States, No. 02 Civ. 5603(SWK), 2003 WL 21108307 at *4
(S.D.N.Y. May 15, 2003);  United States v. McMasters, Case No.
CR.A. 98-127, C.A. 00-52, 2001 WL 755402 at *3 (E.D. La. July
3, 2001).

The Government also contends that the plea agreement bars
Petitioner from seeking § 2255 relief.  Petitioner argues that
the Eleventh Circuit "has not expressly ruled that a Buchanan

7

type of appellate waiver inherently includes a waiver of ineffective assistance of counsel." (D-12, p. 7.) Petitioner, however, fails to recognize that the Eleventh Circuit recently held that a sentence-appeal waiver in a plea agreement precludes a defendant from collaterally attacking his sentence through a claim of ineffective assistance of counsel. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).

In Williams, the petitioner argued that the sentence-appeal waiver provision did not preclude him from contesting his counsel's effectiveness related to his sentencing. Id. at 1341. The Eleventh Circuit was persuaded by the other circuits that had found that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342 (citations omitted.) The Eleventh Circuit reasoned that "a contrary result would permit a defendant to circumvent the terms of a sentence-appeal waiver simply be recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Id.

The court then found that, at the plea hearing, the district court had reviewed the provision with the petitioner and had found that petitioner entered into the written plea agreement knowingly and voluntarily.  The Eleventh Circuit then noted that "the plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence."  Id.  The court therefore affirmed the denial of collateral relief.  Id.

The same is true in this case.  The sentence-appeal waiver provision included in Petitioner's plea agreement is the identical waiver provision that was at issue in Williams. Furthermore, during the plea hearing, the Court reviewed the provision and noted that Petitioner had signed it.  Petitioner stated he was familiar with the terms and provisions of the written agreement and that he entered into the agreement knowingly, freely and voluntarily, and the Court so found.  As such, to the extent that Petitioner claims ineffective assistance of counsel relating to Petitioner's sentencing, such a claim is precluded by the waiver provision of the plea agreement.

Even if Petitioner were not barred from pursuing his ineffective assistance of counsel claims, he would not be

entitled to the relief he seeks.   In order to succeed on an ineffective assistance of counsel claim under the <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting therefrom.   In this case, Petitioner cannot demonstrate either prong.

Petitioner was represented by two attorneys at his sentencing, Ty Trayner and James Wardell.   His attorneys aptly represented Petitioner and successfully argued that Petitioner's criminal history was overrepresented and for a greater downward departure then recommended by the Government based on substantial assistance.   Ultimately, Petitioner received a sentence well below the originally calculated sentencing range.

The only dispute Petitioner has with his counsels' performance relates to the failure to successfully advocate against the firearm enhancement.   At the sentencing, the Government argued for a two-level increase pursuant to USSG §2D1.1(b)(1) for firearm possession.   The Government argued that when Petitioner brought the pills back from Canada he would then go to a hotel room with co-conspirator Mace at which time Mace would distribute the pills to other co-

conspirators.  According to the Government, Mace carried the firearm "when he was doing to deals with the co-conspirators while Mr. Vega was standing in the same hotel room with him, and Mr. Vega knew that Mr. Mace had a gun."  (D-84, p. 9.)

Petitioner did not dispute that he was aware that Mace possessed the firearm on those occasions.   Nonetheless, Petitioner's counsel objected to two-level increase and argued that while Petitioner knew that Mace had the firearm, Petitioner did not have any control Mace's possession of it and therefore Mace's conduct should not be attributed to Petitioner.

Section 2D1.1(b)(1) calls for the base offense level to be increased by two levels if a firearm was possessed.  This enhancement may be applicable to a defendant based on a co-conspirator's possession if the co-conspirator's possession of the weapon was reasonably foreseeable by the defendant. United States v. Novaton, 271 F.3d 968, 1014 (11th Cir. 2001) (citing United States v. Gallo, 195 F.3d 1278 (11th Cir. 1999)), cert. denied, 537 U.S. 1031 (2002).  As such, for the enhancement to be applicable, the Government must prove the following by a preponderance of the evidence:

> (1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance

11

of the conspiracy, (3) the defendant was a member of the conspiracy at the time of the possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant.

Id.

In this case, the Government argued that the evidence would show that after Petitioner returned from Canada with the pills, he and Mace went to hotel rooms where they would meet with other co-conspirators and distribute the pills to them and that Mace carried a firearm during these times and that Petitioner knew that Mace had the firearm.   Petitioner, through counsel, admitted that he knew Mace had a gun.   (Id. at p. 7.)   The Court found that Mace had carried a firearm to meetings with Petitioner and other co-conspirators during the course of the conspiracy and, as such, the two-level increase was justified.   (Id. at p. 12.)   While the Court did not make a finding as to the foreseeability of Mace's possession of the firearm, Petitioner's substantial rights were not affected as his knowledge of Mace's possession of the firearm was not in dispute.   Novaton, 271 F.3d at 1014-15.

Petitioner cannot show any prejudice resulting from his counsel's argument as to the firearm enhancement because the enhancement was warranted given the controlling law and the evidence presented by the Government.   Apparently all the

other co-conspirators who met with Mace and Petitioner at the hotel were aware that Mace possessed a firearm on those occasions.  As such, even had Petitioner's counsel not admitted that Petitioner was aware of Mace's possession of the firearm, the Government had evidence to the contrary to establish by a preponderance of the evidence that Petitioner either knew of Mace's firearm or that Mace's possession of the firearm was reasonably foreseeable.  Furthermore, Petitioner has not pointed to any evidence suggesting that it was clearly improbable that Mace's possession of the firearm was related to the offense.  As such, Petitioner is not entitled to the relief he seeks.

Accordingly, it is ORDERED that:

1)  Petitioner "Petition for Writ Under Title 28 U.S.C. § 2255 to Vacate and Set Aside the Judgment of Conviction" (D-1) is DENIED as moot.

2)  Petitioner's Amended Petition for Writ Under Title 28 U.S.C. § 2255 to Vacate and Set Aside the Judgment of Conviction (D-6) is DENIED.

3)     The Clerk is directed to enter judgment in favor of
the Government, terminate all pending motions in the civil and
criminal file and close this case.

DONE AND ORDERED at Tampa, Florida this __20th__ day of
June, 2005.

WILLIAM J.  CASTAGNA

SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

Pro Se Party

United States Attorney

14